# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| WILLIAM AARON on Behalf of Himself and on Behalf of All Others Similarly Situated, § § § §<br><br>Plaintiff, § §<br><br>v. § §<br><br>DC INTERNATIONAL, INC., § §<br><br>Defendant. | CIVIL ACTION NO. 3:18-cv-00044 |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1. Plaintiff William Aaron and the employees he seeks to represent ("Class Members") are current and former workers paid on a day rate basis by Defendant DC International, Inc. ("Defendant"). Defendant knowingly and deliberately failed to compensate Plaintiff and the Class Members at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek as required under the Fair Labor Standards Act ("FLSA").

2. Defendant violated the FLSA by paying the Plaintiff and Class Members on a day rate basis without overtime pay. Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as the Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

3. Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

4. Plaintiff also prays that the class of similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II. SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant does business in this District and the violations took place while Plaintiff worked in this District.

## III. PARTIES AND PERSONAL JURISDICTION

7. Plaintiff William Aaron is an individual currently residing in Ashtabula, Ohio. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

8. The Class Members are all current and former workers of Defendant paid on a day rate basis without overtime during the three year period prior to the filing of this Complaint to the present.

9. Defendant DC International, Inc. is a foreign for-profit corporation. Defendant may be served process through its President Ernest Istook, 607 Winters St, Fort Worth, TX 76114, or wherever he may be found.

10. This Court has personal jurisdiction over the Defendant because Defendant has purposefully availed itself of the privilege of conducting business activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction. The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. For example, Defendant regularly transacts business in Texas through contracts with Texas companies and by sending its employees

to work in Texas. Moreover, the violations at issue occurred in this District. That is, Plaintiff worked for Defendant in this District, worked more than 40 hours in this District, and was denied overtime wages in this District.

## IV.     FACTS

11. Defendant provides logistics and rig inspection services for the oil and gas industry.

12. Plaintiff William Aaron worked for Defendant as a dispatcher from October of 2012 to January of 2016.

13. Plaintiff worked for Defendant on oil rigs in the continental shelf of the US in the Gulf of Mexico.

14. Defendant paid Plaintiff on a day rate basis.

15. When Plaintiff first started working for Defendant, he was classified as an employee of Defendant.

16. Later, Defendant changed Plaintiff's classification to that of an independent contractor.

17. Either way, Defendant did not pay Plaintiff at the rate of time and one half his regular rate of pay for all hours worked over 40 in a workweek.

18. Plaintiff regularly worked more than 40 hours in a week. In fact, Plaintiff commonly worked at least 12 hours during the majority of days that he worked for Defendant. As a result, Plaintiff frequently worked in excess of 84 hours per week.

19. Plaintiff worked a 14 days on, 14 days off schedule. Each day he worked, he not only worked a 12 hour shift on the rig, but was also on call and subject to frequent interruption throughout the day and night.

20. Additionally, just like Plaintiff, the Class Members were paid on a day rate basis.

21. Just like Plaintiff, the Class Members regularly worked more than 40 hours in a week.

22. Further, just like Plaintiff, the Class Members did not receive overtime pay when they worked more than 40 hours in a week.

23. The Plaintiff and Class Members are not exempt from the overtime requirements of the FLSA.

24. While working for Defendant, Plaintiff interacted with and became familiar with the way Defendant treats other employees with respect to overtime pay and their misclassification as independent contractors. Therefore, Plaintiff has first-hand personal knowledge of the same pay violations of Defendant.

25. Plaintiff was never an independent contractor, but was at all times an employee of Defendant. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and Class Members.

26. In addition, Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform their work.

27. Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff and Class Members:

    a. Defendant paid Plaintiff and Class Members a non-negotiable day rate that Defendant unilaterally set;

    b. Defendant required Plaintiff and Class Members to report to their assigned rig at a set time;

    c. Plaintiff and Class Members had no control over what rig they may be assigned to;

  d. Defendant required Plaintiff and Class Members to request time off in advance and have that time off preapproved;

  e. Defendant issued work orders to Plaintiff and Class Members;

  f. Defendant assigned Plaintiff and Class Members to work on schedule—two weeks on and two weeks off—that, as a practical matter prevented them from working for any other company;

  g. Defendant controlled the amount of hours Plaintiff and Class Members worked;

  h. Defendant dictated the locations at which Plaintiff and Class Members worked;

  i. Defendant required Plaintiff and Class Members to work more than forty (40) hours per workweek;

  j. Plaintiff and Class Members' services were integrated into Defendant's operations;

  k. Plaintiff and Class Members were required to perform their work in an order set by Defendant;

  l. Plaintiff and Class Members worked for Defendant for long and indefinite periods of time, often years, as is common with employees;

  m. Defendant had rules that Plaintiff and Class Members were required to follow when performing their jobs; and

  n. Defendant maintained the right to discharge Plaintiff and Class Members at will.

  28. Furthermore, the degree of investment Plaintiff and Class Members made to perform their work pales in comparison to the expenses Defendant incurred.

  29. Despite these facts, Defendant improperly classified Plaintiff and Class Members as independent contractors and not employees.

  30. Moreover, none of the white collar exemptions found in 29 U.S.C. § 213(a)(1) are

applicable to the Plaintiff and the Class Members because they were not paid on a "salary" basis or "fee" basis as required under in 29 U.S.C. § 213(a)(1).

31. Additionally, none of the other exemptions found under the FLSA are applicable to the Plaintiff or the Class Members.

32. Defendant's method of paying the Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

33. Defendant knew about the requirements to pay overtime but chose not to pay overtime to the Plaintiff and Class Members.

## V.   CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

34. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

35. This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and Class Members overtime compensation.

36. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

37. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

38. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

6

39. Defendant has had an annual gross business volume of not less than $500,000 a year for the three years preceding the filing of this complaint.

40. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

41. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

42. Defendant's compensation scheme applicable to Plaintiff and the Class Members failed to comply with 29 U.S.C. § 207(a)(1).

43. Defendant knowingly failed to compensate Plaintiff and the Class Members at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

44. During all relevant times, Plaintiff and the Class Members were covered employees entitled to the above-described FLSA protections.

45. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs.

## VII. COLLECTIVE ACTION ALLEGATIONS

46. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

47. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who worked for Defendant and were paid on a day rate basis without overtime during the three (3) years preceding the filing of this Complaint to the present.

48. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

49. Plaintiff has actual knowledge, through observations of and conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendant's policy of not paying the overtime rate for all hours worked over forty. Plaintiff worked with other employees at multiple locations for Defendant.

50. The Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid on a day rate basis, and were denied overtime pay.

51. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

52. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendant's business.

53. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment because liability in this case relates to Defendant's decision to misclassify its employees as independent contractors and pay them on a day rate without overtime.

54. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

55. Class Members are not exempt from receiving overtime pay under the FLSA.

56. Like Plaintiff, all Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

57. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

58. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

59. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

60. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

61. As such, the class of similarly situated employees is properly defined as follows:

**All of Defendant's current and former workers paid on a day rate basis without overtime during the three year period prior to the filing of this Complaint to the present.**

## VIII. WAGE DAMAGES SOUGHT

62. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present. 29 U.S.C. § 216(b).

63. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages. 29 U.S.C. § 216(b).

64. Plaintiff is also entitled to recover his attorney's fees and costs, as required by the FLSA. 29 U.S.C. § 216(b).

## X. PRAYER FOR RELIEF

9

65. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

d. Such other and further relief to which Plaintiff and Class Members may be entitled, both at law or in equity.

Respectfully submitted,

KENNEDY HODGES, LLP

By: */s/ Don Foty*
Don J. Foty
Texas State Bar No. 24050022
Fed. Id.: 711552
DFoty@kennedyhodges.com
KENNEDY HODGES, L.L.P.
4409 Montrose Blvd., Ste. 200
Houston, TX  77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116